IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

JAMES BEVER,

    Plaintiff

v.

THE GEO GROUP, INC. d/b/a
GEO CORRECTIONS and the LAWTON
CORRECTIONAL FACILITY,

    Defendant

Case No. CIV-20-792-HE

## COMPLAINT

COMES NOW the Plaintiff, James Bever, by and through counsel and states his causes of actions against these Defendants as follows:

1. Plaintiff James Bever resides in the State of Oklahoma. This case concerns actions that occurred on or about August 11, 2018, in Lawton, Oklahoma.

2. Defendant Geo Group, Inc., an out-of-state corporation, d/b/a Geo Corrections and the Lawton Correctional Facility, is responsible for the jailing, safekeeping and supervision of Oklahoma Department of Corrections inmates at the Lawton Correctional Facility. The Defendant has a statutory and constitutional responsibility of insuring the safety and well being of all inmates in its care and custody. James Bever was an inmate at the Lawton Correctional Facility when he was attacked.

3. This action is brought pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 1988 and the

Fifth, Eighth and Fourteenth Amendments to the United States Constitution because the Defendant acted under color of state law when the constitutional violations occurred. This Court has jurisdiction of the parties and subject matter pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, because the action presents federal questions and involves a deprivation of civil rights arising under the Federal Constitution. This Court also has supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367.

4. Venue is therefore proper in this Court under 28 U.S.C. § 1392 (B) because the acts complained of occurred in Comanche County, Oklahoma, which is located in the Western District of Oklahoma.

## FACTS

5. In August of 2018, James Bever was an inmate at the Lawton Correctional Facility.

6. The Lawton Correctional Facility was run by The Geo Group, Inc. at all relevant times.

7. The Geo Group, Inc. operates the Lawton Correctional Facility under the color of Oklahoma law. The Geo Group, Inc. is an independent company whose employees and staff members are not employees of the State of Oklahoma.

8. Prior to August 11, 2018, the Lawton Correctional Facility had a history of failing to protect inmates through previous attacks and riots.

9. On August 11, 2018 James Bever was attacked by a fellow inmate who caused severe damage including, but not limited to, a brain injury.

10. Prior to the attack, the facility was on lockdown due to a recent riot involving different groups within the facility.

11. Mr. Bever and his attacker were members of groups who the Lawton Correctional Facility knew should not be placed together due to previous threats and attacks.

12. Despite being on lockdown, the Defendant allowed Mr. Bever's attacker to be let loose while Mr. Bever was supposed to be the only inmate out of the cell to take a shower.

13. The Defendant knew that releasing this inmate would give Mr. Bever's attacker an opportunity to cause serious injury and/or potentially death.

14. The Defendant failed to have adequate and clear policies and procedures in place to prevent this attack from occurring despite previous incidents of attacks and riots.

## COUNT 1: VIOLATIONS OF 42 U.S.C. § 1983

15. Plaintiff re-alleges and incorporates every allegation set forth in paragraphs 1 through 14 as if fully set forth herein.

16. The Defendant had knowledge of an were deliberately indifferent to the following:

  a. The ongoing pattern-and-practice of constitutional violations at the Lawton Correctional Facility.

  b. The ongoing failure to implement adequate policies, guidelines, and procedures to reasonably ensure the safety of detainees like James Bever.

  c. Failures to follow the Lawton Correctional Facility's policies, guidelines, and procedures when James Bever was a detainee.

  d. Failures to adequately monitor and supervise protective-custody detainees like James Bever.

  e. Failures to properly staff the Lawton Correctional Facility.

  f. Failures to properly segregate violent (or harmful) detainees from other detainees like James Bever.

  g. Failures to properly assign duties to the deputies in charge of the care, custody, and control of detainees.

  h. Failures to properly monitor the supervisors of the Lawton Correctional Facility.

  i. Failures to correct known deficiencies in the Lawton Correctional Facility's operation, policies, and procedures.

17. The Defendant's acts and omissions created a known and substantial risk of serious and deadly harm to James Bever and others like him. Under all the circumstances, the Defendant's pattern of action and inaction towards James Bever, their lack of properly trained staff, and their failures to supervise, constitute a deliberate indifference to the known substantial risk of serious harm and death to James Bever. These acts and omissions violated his constitutionally protected rights and proximately caused all of his injuries and

death.

18. The Defendant's acts and omissions constitute a deliberate indifference to James Bever's care, custody, and safekeeping. Their acts and omissions proximately caused James Bever's injuries and violated his rights under the Fifth, Eighth, and Fourteenth Amendments to the United States Constitution, which are cognizable under 42 U.S.C. § 1983.

## COUNT II: VIOLATION OF OKLAHOMA CONSTITUTION

19. Plaintiff re-alleges and incorporates every allegation set forth in the preceding paragraphs 1 through 18, as if fully set forth herein.

20. The Defendant's actions violated the Oklahoma Constitution because James Bever's Oklahoma Constitutional Rights were violated by the Defendant. This includes the right to not be deprived of life, liberty, or property without due process of law and the right to be free from cruel and unusual punishment.

## COUNT III: NEGLIGENCE

21. Plaintiff re-alleges and incorporates every allegation set forth in the preceding paragraphs 1 through 20, as if fully set forth herein.

22. The Defendant's actions constitute negligence in addition to its deliberate indifference and failing to protect James Bever from an attack by a fellow inmate. The Defendant's actions rise to willful, wanton and/or gross negligence and therefore punitive damages are also necessary.

## PRAYER FOR RELIEF

THEREFORE, Plaintiff James Bever asks this Court to enter judgment granting the following relief, and all additional relief to which he is entitled:

a. A declaratory judgment that the Defendant's actions, policies and practices complained of herein violated James Bever's rights as secured by the United States Constitution, the Oklahoma Constitution and Oklahoma Common Law;

b. Injunctive relief to prevent future constitutional violations including, but not limited to, inadequate training, inadequate supervision, and the failure to provide proper safekeeping to inmates like James Bever while they are incarcerated;

c. Damages against the Defendant in an amount sufficient to compensate James Bever for conscious pain, suffering, mental anguish, and any future injuries or pain and suffering that he may incur;

d. Plaintiff seeks punitive damages in an amount in excess of the minimum jurisdictional amount for Federal Jurisdiction under 28 U.S.C. §1332, which a jury should determine;

e. Reasonable attorneys' fees and costs as allowed under 42 U.S.C. §1988; and

f. All injunctive and equitable relief to which he may be entitled to remedy a continuing, existing, and dangerous condition and policies at the Lawton Correctional Facility and at The Geo Group, Inc. facilities.

**JURY TRIAL DEMANDED**.

Respectfully submitted,
WALSH & FRANSEEN

s/Derek S. Franseen

Micky Walsh, OBA No. 9327
Derek S. Franseen, OBA No. 30557
200 E. 10th Street Plaza
Edmond, OK 73034
Telephone: (405) 843-7600
Facsimile: (405) 606-7050
dfranseen@walshlawok.com
Attorneys for Plaintiff